UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT W. HUBER, JR.,

                Plaintiff,

v.

GLORIA ANDERSON,
ELIZABETH HARTMANN,
MIKE WALCZAK, NIOMI BOCK,
KATHY WALTER, and JOHN DOE,

                Defendants.

Case No. 16-CV-19-JPS

SCHEDULING ORDER

Plaintiff, Robert W. Huber, Jr., a prisoner, brings this action under 42 U.S.C. § 1983 *pro se.* On March 2, 2016, pursuant to 28 U.S.C. § 1915A, Magistrate Judge David E. Jones screened his complaint and identified which claims may proceed. Consistent with the provisions found in Rule 1 of the Federal Rules of Civil Procedure, to ensure the orderly and timely disposition of this case, the Court adopts the following omnibus scheduling order:

1.    Amendment of Pleadings

Should the plaintiff wish to amend his pleading to add or remove claims or parties, without leave of the court, he may do so no later than Friday, June 10, 2016. The plaintiff should, however, be aware that Civil Local Rule 15 (E.D. Wis.) requires that "[a]ny amendment to a pleading . . . must reproduce the entire pleading as amended, *and may not incorporate any prior pleading by reference.*" Civil L.R. 15(a) (E.D. Wis.) (emphasis added).

A copy of Civil Local Rule 15 (E.D. Wis.) is included with this order.

2. Motions to Dismiss

Should the defendants wish to file a motion to dismiss, under Rule 12 of the Federal Rules of Civil Procedure, such motion, together with its briefs, are to be filed no later than Friday, July 8, 2016, and in accordance with Civil Local Rule 7 (E.D. Wis.).

If the defendants file a motion to dismiss, the plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Copies of Rule 12 of the Federal Rules of Civil Procedure and Civil Local Rule 7 (E.D. Wis.) are included with this order.

3. Discovery

All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than Thursday, September 15, 2016.

The court encourages the plaintiff to immediately engage in discovery to identify the remaining John Doe defendant, and to amend his pleadings to reflect any such discovered identity. Even if the time to amend pleadings without leave of court has already passed, the court will readily grant the plaintiff leave to amend to substitute a named party for currently remaining John Doe defendant. Personal identification of defendants greatly enhances the court's ability to evaluate the plaintiff's claims, and the court therefore strongly favors allowing amendment of pleadings to provide such identification.

With reference to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure, the defendants are hereby granted leave to depose up to five (5) witnesses confined in prison upon the condition that, at least fourteen days

before such a deposition, defendants serve all parties with the notice required under Rule 30.

4.    Summary Judgment

Any party to this action may move for summary judgment not later than Monday, October 10, 2016. Any party's request for summary judgment must conform with Rule 56 of the Federal Rules of Civil Procedure and Civil Local Rules 7 and 56 (E.D. Wis.).

A district court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Furthermore, either party's failure to respond to a motion for summary judgment or otherwise comply with Civil Local Rules 7 and 56, may constitute grounds for the court to grant the opposing party's motion for summary judgment.

Copies of Rule 56 of the Federal Rules of Civil Procedure and Civil Local Rules 7 and 56 (E.D. Wis.) are included with this order.

5.    Trial

Should this matter proceed to trial, the court provides the parties with the following dates and instructions. *The parties should be aware that all of these dates related to the administration of the trial are firm and will not be extended for any reason.*

FINAL PRETRIAL
CONFERENCE:    Tuesday, January 24, 2017, at 8:30 A.M.

JURY TRIAL:         Monday, January 30, 2017, at 8:30 A.M.

Counsel[1] for the parties shall confer forthwith to address the substantial work necessary to the orderly preparation of a single final pretrial

---

[1] The court's use of the word "counsel," throughout this order is meant to include the plaintiff, himself, if he appears *pro se* at trial.

report. Toward that end, all counsel who will actually try this case must meet and confer in person with the goal of jointly preparing a single final pretrial report, the principal burden for the preparation and filing of which rests with counsel for the plaintiff. If, however, the plaintiff is proceeding *pro se*, then defense counsel is responsible for filing this report electronically via CM/ECF, although the plaintiff is nonetheless responsible for participating in the preparation of the report.

Consistent with the facts and law applicable to the case, the report must separately address each of the nine (9) enumerated items found in Civil Local Rule 16(c)(1) (E.D. Wis.). The final pretrial report must be electronically filed no later than the close of business on Thursday, January 19, 2017. In addition, a hard copy of the report bearing the inked signatures of all trial counsel, along with three (3) sets of each party's exhibits, including all documents and a photograph of each physical exhibit, formatted, indexed, and tabbed in individual (no larger than 1" capacity), Easy Open, Locking, Slant D-ring binders (such as the Cardinal CRD10310 or CRD10311), (three from plaintiff and three from the defendant), must be simultaneously delivered or mailed to the court's chambers on Thursday, January 19, 2017.

The Court has included a copy of Civil Local Rule 16 (E.D. Wis.) with this order.

In preparing the final pretrial report, counsel and their respective clients should carefully read and study with care each of the following seven (7) mandatory requirements:

1. All exhibits must be marked and sequentially numbered in accordance with the procedure outlined in General L. R. 26. Copies of all exhibits, including a photograph of each physical exhibit, must be disclosed and provided to opposing counsel. If an identical exhibit is to be used jointly by both parties

during the course of trial, the exhibit should only be marked once whether by plaintiff or defendant, and introduced into evidence whether by one party or jointly.

2. A brief summary of the elements underlying each claim and defense to be adjudicated must be included in the final pretrial report and inserted immediately preceding the parties' joint proposed jury instructions.

3. Each of the parties' agreed proposed jury instructions as well as the proposed verdict form must be appropriately tailored to the facts and law applicable to the case. Therefore, each proposed instruction as well as the verdict form must be edited and formatted precisely as counsel would expect the instruction(s) and verdict to be submitted to the jury. Simple citations to form book instructions or verdict questions without more is wholly unacceptable.

4. In the event the parties are unable to agree upon a particular instruction or question in the verdict form in its entirety, counsel must include separate proposed instructions and/or verdict question(s) as part of the final pretrial report submission. At the same time, each separately proposed instruction or proposed verdict question must be supported by a memorandum of law and, if appropriate, an offer of proof prepared by counsel for the party proposing the instruction and/or verdict question. The final pretrial report must also include a memorandum of law and, if appropriate, an offer of proof prepared by counsel for the party opposing the particular instruction and/or verdict question. To be clear, absolutely all briefing both in support of and in opposition to any proposed instruction or verdict question must be included in the final pretrial report. In accordance with Civil L. R. 7(d), failure to file a memorandum in opposition to a particular instruction or verdict question will be deemed by the court to be sufficient cause to grant the requested instruction or verdict question.

5. Absent exceptional circumstances, motions in limine must be filed on or before Wednesday, January 18, 2017. Each motion in limine should be accompanied by a brief memorandum of law in support. Should motions in limine be filed, any response to the particular motion is due within three (3) days of the filing of such motion. The earlier such motions are filed, the more likely the court will be fully prepared to meaningfully address the motions during the final pretrial conference. Moreover, all non-dispositive motions that do not constitute motions in limine must also be filed on or before Wednesday, January 18, 2017.

6. As officers of the court, counsel have an obligation to discuss the anticipated filing of such motions directly with opposing counsel, as more often than not such matters are left best resolved informally with open communications between counsel without the necessity of court intervention. The court notes that to discuss requires actual discussion with suggestions for genuine compromise, as opposed to mere e-mail wars of words between opposing counsel. Therefore, when filed, all pretrial motions must include a separate[2] certification prepared by movant's counsel stating that, after personal consultation with counsel for the party opposed to the motion, and sincere attempts to resolve their differences, the parties are unable to reach an accord. The certification must also recite the dates and times of such conferences and the names of all participants. To be clear, the court expects the parties to confer several times and document those conferences before raising a pretrial motion before the court. The failure to comply with the letter or the spirit of the Rule will be sufficient grounds to deny the motion.

7. With regard to memoranda of law submitted to the court in reference to disputed jury instructions or verdict questions, or a pretrial motion, the court makes the following suggestions

---

[2]The certification that must be filed with a pretrial motion must be docketed as a separate docket entry and should not be hidden within a motion or a brief.

Page 6 of 11

Case 2:16-cv-00019-JPS   Filed 05/19/16   Page 6 of 11   Document 21

which will serve to aid the court in efficiently addressing such matters:

a. If the parties intend to file deposition testimony, the parties should e-file a single transcript of the deposition testimony of each witness upon which they intend to rely. Any party citing to a given deponent's testimony should cite only to the docket entry containing said deponent's testimony enabling the court to easily locate that deposition, instead of engaging in an archaeological dig to locate the source from which the specific excerpt may have been drawn.

b. Any exhibit or report submitted in support of or in opposition to a party's position should be e-filed in its entirety in a single entry, and any party citing to an exhibit or report should cite only to the one entry containing said report.

c. All parties should agree on a given citation system. No party should refer to a document by a different moniker than that by which the other parties refer to the same document. The court strongly encourages the parties to include the docket number (and, if applicable, exhibit letter/number) of documents cited in their submissions. The court also encourages the parties, if they are filing numerous exhibits as attachments to their motions, to include an index attached to the motion that notes the title of the exhibits that follow. When viewing the electronic docket, it should be obvious which documents are responsive to (or in support of) another document, as well as the identity of such other document.

d. All documents submitted to the court electronically should be in an electronically searchable format. If any documents are filed under seal, a compact disc containing electronically searchable PDF versions of the files should be provided to the clerk's office so that the

>> court will have access to all documents, including those filed under seal, in an electronically searchable format.

    e.    Counsel shall not deliver additional courtesy copies of submissions to the Judge's chambers unless specifically directed to do so in accordance with the terms of this order.

As the parties and their counsel endeavor to complete their work associated with the preparation of the final pretrial report, they are expected to confer in a candid open manner, and make a good faith effort toward settlement of the case in its entirety, and should they be unable to fully settle their differences, agree upon stipulations of ultimate fact or otherwise narrow the issues that, in the end, will aid the court in conserving its limited resources.

In recognition of the court's limited resources, and an ever burgeoning case load assigned to this branch of the court, together with the continued escalating costs associated with litigation generally, the court finds it prudent to require that counsel and their respective clients seriously undertake all appropriate measures including utilization of the services of a randomly assigned magistrate judge or another outside third party neutral agreed upon by the parties, to bring the case to conclusion short of trial. In the event counsel and their respective clients wish to avail themselves of the services of the randomly-assigned magistrate judge, they are reminded that, like district judges, magistrate judges have very busy calendars. Therefore, in order to insure timely scheduling of one or more mediation sessions suitably in advance of the scheduled trial date, immediate steps must be taken in the event counsel wish to jointly request that the court make such a referral.

Accordingly, the court finds it prudent to direct that counsel for the parties confer forthwith to explore settlement, and, if appropriate, utilize the

Page 8 of 11

Case 2:16-cv-00019-JPS    Filed 05/19/16    Page 8 of 11    Document 21

services of the randomly-assigned magistrate judge or other third party neutral for purposes of conducting one or more settlement conferences. The court will further direct that counsel for plaintiff file under seal with the court interim and final settlement reports generally summarizing any progress made as of the report due date, including the date(s) counsel for the parties actually met and conferred. If, however, the plaintiff is proceeding *pro se*, then defense counsel is responsible for filing these reports electronically via CM/ECF, although the plaintiff is nonetheless responsible for participating in the preparation of the reports. The interim report must be filed under seal on or before Monday, October 10, 2016, and a final report must be filed under seal on or before Tuesday, January 10, 2017.

Finally, the court readily acknowledges and well appreciates the fact that in this branch preparation of the final pretrial report requires a substantial commitment of time and resources, and the parties ought not treat the court's directives lightly for in the final analysis adequate preparation remains the hallmark of an effective advocate, and while every litigant is entitled to their day in court, they are not entitled to intrude upon someone else's day in court.

6. Additional Instructions and Warnings.

    6.1    Extensions of Time

Both parties are hereby warned that each shall receive only one (1) extension of time throughout the duration of this case, with the exclusion of all dates related to the trial (motions *in limine* due date, final pretrial report due date, final pretrial conference date, and jury trial date, all of which are firm and will not be moved).

### 6.2 Failure to Timely File

The plaintiff is hereby warned that failure to make a timely submission or otherwise comply with the court's orders may result in the dismissal of this action for failure to prosecute.

### 6.3 Submission of Material to Clerk's Office

The plaintiff is also hereby reminded to submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Pilot Project is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

In either event, the PLAINTIFF SHOULD NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay processing of this matter.

### 6.4 Service and Retention of Copies

The plaintiff is further reminded that he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document he files with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All

Page 10 of 11

Case 2:16-cv-00019-JPS    Filed 05/19/16    Page 10 of 11    Document 21

defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents.

6.5     Additional Information and Resources

In addition to the various Federal Rules of Civil Procedure and Civil Local Rules that the Court has attached to this order, it has also attached copies of two monographs prepared by court staff to address common questions that arise in prisoner and *pro se* civil litigation. These two monographs, entitled "Answers to *Pro Se* Litigants' Common Questions," and "Answers to Prisoner Litigants' Common Questions," contain a wealth of information that the plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin, this 19th day of May, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 11 of 11
Case 2:16-cv-00019-JPS   Filed 05/19/16   Page 11 of 11   Document 21