UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT W. HUBER JR.
    Plaintiff

v.

AMENDED COMPLAINT
Case No. 16-C-19

GLORIA ANDERSON;
ELIZABETH HARTMANN;
ALLAN KASPRCZAK;
MIKE WALCZAK;
NIOMI BOCK;
KATHY WALTER;
    Defendants

AMENDED COMPLAINT UNDER THE CIVIL RIGHTS ACT; 42 U.S.C. § 1983

## I. JURISDICTION AND VENUE

1. This is a civil action authorized by the 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3).
   (a) Venue properly lies in this District pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this cause of action occurred in Milwaukee, Wisconsin, which is located within the Eastern District of Wisconsin.

## II. PARTIES

2. The Plaintiff, Robert W. Huber Jr., (hereinafter "Huber") was at all times relevant to this action under the supervision of the Wisconsin Department of Corrections, Wisconsin Division of Community Corrections, between January 1996 and December 2000 and then incarcerated and held at various institutions, including private facilities under contract with the State of Wisconsin, between February 2001 and May 2013.

3. Defendant Gloria Anderson (hereinafter "Anderson") was at all times relevant to this action an employee of the Wisconsin Division of Community Corrections who held the position of probation agent. At all times relevant at this suit she acted under color of State law. She is sued in her individual and official capacity, jointly and severally with all other Defendants.

4. Defendant Elizabeth Hartman (hereinafter "Hartman") was at all times relevant to this action an employee of the Wisconsin Division of Community Corrections who held the position of Field Supervisor. At all times relevant at this suit she acted under color of State law. She is sued in her individual and official capacity, jointly and severally with all other Defendants.

5. Defendant Allan Kasprczak (hereinafter "Kasprczak") was at all times relevant to this action an employee of the Wisconsin Division of Community Corrections who held the position of Regional Chief for Region 3 in Milwaukee, WI. At all times relevant at this suit he acted under color of State law. He is sued in his individual and official capacity, jointly and severally with all other Defendants.

6. Defendant Mike Walczak (hereinafter "Walczak") was at all times relevant to this action an employee of the Wisconsin Division of Community Corrections who held the position of probation agent. At all times relevant at this suit he acted under color of State law. He is sued in his individual and official capacity, jointly and severally with all other Defendants.

7. Defendant Niomi Bock (hereinafter "Bock") was at all times relevant to this action an employee of the Wisconsin Division of Community Corrections who held the position of probation agent. At all times relevant at this suit she acted under color of State law. She is sued in her

individual and official capacity, jointly and severally with all other Defendants.

8. Defendant Kathy Walter (hereinafter "Walter") was at all times relevant to this action an employee of the Wisconsin Division of Community Corrections who held the position of Field Supervisor. At all times relevant at this suit she acted under color of State law. She is sued in her individual and officially capacity, jointly and severally with all other Defendants.

III. STATEMENT OF THE CASE

9. On January 8, 1996, long after Huber's term of probation on case No. 88CF880113 had discharged as an operation of law on November 3, 1995; Defendant Gloria Anderson knowingly filed documentation falsely claiming that Huber had absconded from May 19, 1993 to January 6, 1996 even though Huber had in fact been reporting to her during that time period.

10. Defendant Elizabeth Hartmann, also wrote a report alleging the same false information and then submitted both reports to the Regional Chief (Allan Kasprzak) in order to obtain an Order Reinstating Probation, knowing that the probationary term had already expired.

11. Included in the documentation used to obtain the invalid Order Reinstating Probation, was a Request for Reinstatement forged by Defendants Anderson and Hartmann which included Huber's signature purporting to admit to his being guilty of absconding.

12. Upon information and belief, Defendant Allan Kasprzak knew or reasonably should have known that the Order Reinstating Probation which he signed on March 26th, 1996 was illegal and that the documentation he had received from Anderson and Hartmann was falsified.

13. In 1998, after being arrested on an alleged probation violation warrant; Defendant Mike Walczak informed Huber that his probationary term had again been extended for an indeterminate period of time that would not expire until Huber paid restitution.

14. Defendant Walczak also claimed to have personally spoken with the alleged victim; who was supposedly demanding to know when he was going to get his money.

15. On September 19, 2000; approximately two months after Huber made a complaint about Defendant Walczak possibly stealing money from Huber; Walczak sent Huber's family a letter stating that his restitution had been reduced to zero and that Huber only needed to pay him $166.00 in "supervision fees" in order to receive his discharge papers.

16. Defendant Walczak filed no paperwork concerning the above facts in paragraphs 13-15.

17. Under belief and information, Defendant Walczak then used allegations of new criminal activity to seek revocation of the expired probationary term in retaliation against Huber because Huber (1) did not pay him off, and (2) reported Walczak's illegal activities.

18. Under belief and information, Defendant Walczak admittedly submitted an incomplete case file to Huber's defense counsel at the November 2000 revocation hearing in order to prevent Huber's counsel from discovering both Walczak's illegal activities, and to hide the fact that Huber's term of probation had expired long before revocation was sought.

19. Upon information and belief, the Defendants never provided Huber with copies of the Reinstatement Request and Order Reinstating Probation, nor placed them in his case file; and kept them hidden from Huber's counsel(s) and the courts during all appeals in the State court

so that the Plaintiff would not be able to discover and challenge the documentation.

20. As a result of his actions, Defendant Walczak succeeded in obtaining an illegal revocation order, and then convincing the court to impose an illegal ten year prison sentence which later ran consecutively to an 81 month sentence from a separate misdemeanor case.

21. In September of 2011, and again in October 2011, Defendants Bock and Walter not only acted with deliberate indifference in refusing to take action after being informed about the facts related to Huber's false imprisonment; but they also knowingly attempted to mislead Huber about how he could proceed toward a remedy by giving him false information.

22. Defendants Bock and Walter stated that his status as a criminal warranted, and even justified, their refusal to take any action that would assist Huber in his efforts to obtain justice.

23. Defendants Bock and Walter then required that Huber's legal research be conducted by Department Personnel at their offices; and that all information and/or documents acquired in that search be saved to a thumb drive and left in their possession so that they could be reviewed.

24. On November 17, 2011 Defendants Bock and Walter placed Huber in custody on alleged rules violations less than 24 hours after learning that Huber had obtained the legal information and documents required to complete the next step in the legal process.

25. Under belief and information Defendants Bock and Walter then initiated revocation proceedings against Huber in order to separate him from his legal work; thus preventing him from completing the next step

of the legal process within the statutory time limit.

26. Defendant Bock continued to pursue the illegal revocation against Huber even after testifying during the revocation hearing on March 13, 2012 that she had found no records of the term of probation ever being extended beyond the discharge date of November 3, 1995.

27. Defendant Bock also testified that after allegedly not finding any records showing any extension of probation, Defendant Walter and she discussed the matter, and they both decided to continue pursuing the illegal revocation on the false premise that it was Huber's burden to prove a lack of jurisdiction rather than their burden to prove they legally had jurisdiction.

28. In the subsequent civil proceedings of Huber v. Schwarz, 12cv6085 (Judge William S. Pocan, Milwaukee County Circuit Court Branch 26) the court ruled that Huber's issue regarding the lack of subject matter jurisdiction was one which Huber could never have waived and remanded the matter back to the Division of Hearings and Appeals for a hearing in order to determine whether or not Huber's term of probation expired on November 3, 1995.

29. As a result of the Court's ruling, the Department not only admitted that the Department had lost jurisdiction on November 3, 1995; but they also directly referred to the forged and falsified documentation as the evidence of their jurisdictional loss.

30. On December 16, 2013 the Department filed a formal request with the Division of Hearings and Appeals asking for the illegal Revocation Orders dated December 19, 2000 and May 7, 2012 be vacated on the basis of their loss of jurisdiction.

31. On December 19, 2013, the Division filed orders vacating the prior illegal revocation orders dated December 19, 2000 and May 7, 2012.

32. On January 14, 2014, Milwaukee County Circuit Court Judge Joseph M. Donald, filed a formal order vacating the illegal sentence after Huber had already served more than 8 years in prison on that sentence.

VI LEGAL CLAIMS

COUNT I: 42 U.S.C. § 1983, VIOLATION OF DUE PROCESS, DOUBLE JEOPARDY, AND FALSE IMPRISONMENT

33. Paragraphs 9-32 are re-alleged and incorporated by reference as though set forth in full herein.

34. The actions by Defendants Anderson and Hartman as described in paragraphs 9-11 resulted in the Plaintiff's Eighth Amendment rights being violated by his being unlawfully kept under the supervision of the DOC/DCC long after his legal discharge date in violation of his rights to Due Process, and facilitated the ability of the DOC to later falsely incarcerate him.

35. The Actions of Defendant Kasprczak as described in paragraph 12 resulted in the Plaintiff's Eighth Amendment rights being violated by his being unlawfully kept under the supervision of the DOC/DCC long after his legal discharge date.

36. The actions of Defendant Walczak described in paragraphs 13-20 resulted in the Plaintiff being falsely incarcerated in violation of Due Process, Double Jeopardy, and the right to be free from cruel and unusual punishment.

37. Because Huber's term of probation had actually discharged in November of 1995, and the statute allowing for the collection of

supervision fees did not go into effect until January of 1994, Huber could not possibly have ever owed any supervision fees, nor could discharge legally be withheld for nonpayment of supervision fees. Therefore, the attempted extortion by defendant Walczak described in paragraph 15 violated the Plaintiff's rights to due process and his right to be free from illegal seizures.

38. The actions taken by Defendants Bock and Walter as described in paragraphs 21-27, in order to re-incarcerate the Plaintiff while knowing that they did not have legal jurisdiction violated the Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, his Due Process rights and also his right to be free from Double Jeopardy.

COUNT II: 42 U.S.C. §1983, FAILURE TO INTERVENE IN ORDER TO PREVENT THE VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS.

39. The deliberate indifferent actions of the Defendants as described in paragraphs 21-22 in refusing to intervene and take action upon learning that Huber's constitutional rights were being violated in and of itself constituted a further violation of Huber's Eighth Amendment and Due Process rights.

COUNT III: 42 U.S.C. §1983, VIOLATION OF DUE PROCESS, OBSTRUCTING THE RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OR GRIEVANCES

40. The actions of all Defendants in hiding the falsified documentation, as described in paragraphs 19 resulted in the Plaintiff being deprived of his First Amendment Right to petition the government for redress or grievances.

41. The actions of the Defendant Walczak in admittedly supplying the Plaintiff's counsel an incomplete case file as described in paragraphs 18-19 resulted in the Plaintiff's being deprived of his First Amendment Right to effectively petition the government for redress or grievances.

42. The actions of the Defendants Bock and Walter as described in paragraphs 23-25 resulted in the Plaintiff being deprived of his First Amendment Right to petition the government for redress or grievances.

COUNT III: 42 U.S.C. §1983, RETALIATION FOR THE EXERCISE OF A CONSTITUTIONALLY PROTECTED RIGHT

43. The actions of Defendant Walczak in knowingly pursuing an illegal revocation after Huber refused to give in to Walczak's extortion demand and reported Walczak illegal activities as described in paragraph 20 was done in retaliation for Huber having exercised his rights.

44. The actions of Defendants Bock and Walter in having Huber arrested and then knowingly pursuing an illegal revocation immediately after learning Huber had obtained the information and documents required for the purposes of pursuing further legal action against the Defendants as described in paragraphs 25-28 was done in retaliation for Huber attempting to exercise his constitutionally protected rights to petition the courts.

COUNT IV: 42 U.S.C. §1983, DEPRIVING PLAINTIFF OF HIS RIGHT TO VOTE

45. The actions of each of these Defendants also resulted in Huber being deprived of his constitutional right to vote from January 1996 to January 2014.

46. As a direct and proximate result of the violations of his Constitutional Rights as described in counts I thru IV, Mr. Huber was harmed and suffered damages. On information and belief, the violations of Mr. Huber's rights were willfull, oppressive, malicious; and deserves an award of punitive damages in order to punish and deter further wrong doing.

V. REQUEST FOR RELIEF

WHEREFORE, plaintiff Robert W. Huber Jr., respectfully prays that this court enter judgment granting plaintiff:

(I) Nominal damages of $25 or an amount the court shall establish is just, from each of the Defendants, jointly and severally against said Defendants, for each cause of action asserted herein;

(II) Compensatory damages in the amount the Court shall establish is just, from each of the Defendants, jointly and severally, for each cause of action asserted herein;

(III) Presumed damages in the amount the Court shall establish is just, from each of the Defendants, for each cause of action asserted herein;

(IV) Punitive damages in the amount the court shall establish is just to punish the Defendants and deter further violative behavior, against each defendant, jointly and severally against said Defendants, for each cause of action asserted herein.

(V) Attorney fees, pursuant to 42 U.S.C. § 1988, should one appear, along with all fees and costs incurred as a result of this action; and

(VI) All other relief this Honorable Court deems appropriate.

Respectfully Submitted this 7th day of June, 2016

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

EXECUTED AT BOSCOBEL, WI on this 7th day of June, 2016

*signature*

Robert W. Huber Jr. #193205
Wisconsin Secure Program Facility
1101 Morrison Drive
Boscobel, WI 53805