# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT W. HUBER, JR.,

              Plaintiff,

v.

GLORIA ANDERSON, ELIZABETH HARTMANN, MIKE WALCZAK, NIOMI BOCK, KATHY WALTER, and ALLAN KASPRZAK,

              Defendants.

Case No. 16-CV-19-JPS

**ORDER**

On December 9, 2016, the Court granted the defendants' motion for summary judgment and dismissed this action with prejudice. (Docket #97). On January 4, 2017, the plaintiff filed a "Motion for Relief from Judgment pursuant to Federal Rules [sic] of civil Procedure 60(b)[.]" (Docket #99). The defendants responded to the motion on January 24, 2017, and the plaintiff replied on February 2, 2017. (Docket #100 and #101).

Federal Rule of Civil Procedure ("FRCP") 60(b) offers relief from a court's orders or judgments if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" *Tylon v. City of Chicago*, 97 Fed.Appx. 680, 681 (7th Cir. 2004) (quoting FRCP 60(b)(6)).[1] Such relief "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 443 F.3d 542. 546 (7th Cir. 2006).

---

[1] *Tylon* quotes the previous version of FRCP 60(b)(6), but the verbiage change in 2007 was not intended to be substantive. See Fed. R. Civ. P. 60, Advisory Committee Notes, 2007 Amendment.

The motion merely asserts the plaintiff's disagreement with the Court's conclusions. Simply asserting "that the…court's underlying judgment was wrong…is an impermissible use of Rule 60(b)." *Tylon*, 97 Fed.Appx. at 681. Further, the plaintiff fails to address any of the specific FRCP 60(b) grounds for relief. *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) ("The district court does not abuse its discretion by denying a Rule 60(b) motion that is not based on one of the specified grounds for relief."); *Monzidelis v. World's Finest Chocolate, Inc.*, 92 F. App'x 349, 353 (7th Cir. 2004) (FRCP 60(b) motion denied because the movant "failed to even argue that mistake, excusable neglect, newly discovered evidence, fraud, or other exceptional circumstances had undermined the legitimacy of the prior judgment.")(emphasis in original).[2] Instead, he contends that the Rule allows for reconsideration where the Court has made "a substantive error of law or fact." (Docket #99 at 1, citing *Utah ex rel. Div. of Forestry, Fire & State Lands v. U.S.*, 528 F.3d 712, 722-23 (10th Cir. 2008)). This is not the language of the rule nor the law of the Seventh Circuit. *Banks*, 750 F.3d at 667 ("[E]rrors of law and fact generally do not warrant relief under Rule 60(b)(1) and certainly do not require such relief.").

The plaintiff's arguments were either raised in summary judgment briefing and rejected by the Court, or should have been raised at that time and were not. Additionally, FRCP 60(b) may not be used for "grounds for relief 'that could not have been used to obtain a reversal by means of a direct appeal,'" which is precisely what the plaintiff attempts to do here. *Banks*, 750 F.3d at 667 (quoting *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th

---

[2]The plaintiff's reply mentions the grounds in passing while reiterating the points of his initial brief. (Docket #101 at 2).

Cir. 2009)). He cites no extraordinary circumstances warranting relief from the Court's judgment, and the Court itself finds none upon which to grant the extraordinary relief afforded by FRCP 60(b).

Despite citing FRCP 60(b) alone, the Court will also assess the motion under another potentially applicable rule, FRCP 59(e). *See Obreicht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir 2008). "A Rule 59(e) motion will be successful," the Court of Appeals holds, "only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013) (quotation omitted). FRCP 59(e) "certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000). As noted above, each of the plaintiff's arguments fits this bill. The *Oto* court's observations apply here:

> A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill. 1997). Contrary to this standard, Beverley's motions merely took umbrage with the court's ruling and rehashed old arguments. They did not demonstrate that there was a disregard, misapplication or failure to recognize controlling precedent. As such, they were properly rejected by the District Court.

*Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). As explained in its order on summary judgment, the Court's application of Seventh Circuit and U.S. Supreme Court law to the undisputed facts led to dismissal of each of the plaintiff's claims. Upon review, it detects no manifest error in that analysis.

In sum, the plaintiff's motion does not merit relief under either FRCP 60(b) or 59(e), and must therefore be denied.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for relief from the Court's judgment (Docket #99) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of February, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge