# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT W. HUBER, JR.,

                Plaintiff,

v.

GLORIA ANDERSON, ELIZABETH HARTMANN, MIKE WALCZAK, NIOMI BOCK, KATHY WALTER, and ALLAN KASPRZAK,

                Defendants.

Case No. 16-CV-19-JPS
7th Circuit Case No. 17-1302

**ORDER**

On February 24, 2017, the plaintiff requested permission to use funds from his release account in order to pay the initial partial filing fee ("IPFF") for his appeal, as he was previously ordered to do on February 14, 2017. (Docket #112).

This Court has the authority to order disbursements from a prisoner's release account for payment of an IPFF. *See, e.g., Doty v. Doyle*, 182 F.Supp.2d 750, 751 (E.D. Wis. 2002) (noting that "both the Wisconsin Prison Litigation Reform Act…and the federal Prison Litigation Reform Act [("PLRA")]… authorize the courts to order that…a prisoner's release account be made available [to pay an IPFF]"). However, this Court lacks the authority —statutory or otherwise—to order that a prisoner may tap into his release account to pay current (or future) litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's]

rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Permitting a prisoner to invade a release account for litigation costs could detriment that prisoner's likelihood of success post-incarceration, *see* Wis. Adm. Code. § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is particularly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell*, 352 F.3d at 1111; thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002).

While the Court will not permit the plaintiff to tap into his release account for the entirety of his filing fee, or other litigation costs, it will grant the plaintiff permission to use funds from that account solely for the purpose of paying the IPFF. *See* (Docket #111) (ordering payment of $13.78 as IPFF for appeal).

Accordingly,

**IT IS ORDERED** that the plaintiff's request to pay his IPFF on appeal with funds from his release account (Docket #112) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison release account his initial partial filing fee of $13.78. The payment shall be

forwarded to the Clerk of this Court and clearly identified by the case name and the number assigned to this action; and

**IT IS FURTHER ORDERED** that copies of this Order be sent to the warden of the institution where plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 24th day of February, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge